UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

      Plaintiff,

v.                                                              Case No. 24-13209

ERIK EDOFF, *et al.*,                          Sean F. Cox
                                                                United States District Court Judge
      Defendants.

_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION TO PROCEED AS JANE DOE (ECF NO. 3)**
**AND DENYING DEFENDANTS'**
**MOTION FOR MORE DEFINITE STATEMENT (ECF NO. 10)**

Acting *pro se*, an unidentified individual who refers to herself as "Jane Doe" filed this

civil action on December 3, 2024, asserting claims against more than forty named Defendants.

The matter is currently before the Court on: 1) Plaintiff's "Motion to proceed as Jane Doe" (ECF

No. 3); and 2) a "Motion for More Definite Statement And To Prohibit Proceeding As 'Jane

Doe'" (ECF No. 10), filed by a group of the named Defendants.  The Court concludes that a

hearing is not necessary and the Court shall rule without a hearing.  Local Rule 7.1.

For the reasons set forth below, the Court DENIES Plaintiff's Motion seeking to proceed

under the fictitious name of Jane Doe in this case and rules that Plaintiff may only proceed in

this case under her own name.  As such, no later than March 31, 2025, Plaintiff shall file an

Amended Complaint that identifies Plaintiff's full name in its caption and body.  In addition, the

Court DENIES the Motion for More Definite Statement.   Nevertheless, given that the Court is

ordering Plaintiff to file an Amended Complaint, and in light of her *pro se* status, the Court will

give Plaintiff the opportunity to amend the allegations in any Amended Complaint that Plaintiff

files by that date, in order to attempt to cure any pleading deficiencies.

## BACKGROUND

Acting *pro se*, an unidentified individual who refers to herself as "Jane Doe" in the

complaint, filed this civil action on December 3, 2024.

Plaintiff's complaint names more than forty individuals as Defendants and purports to

assert federal claims against them.  Aside from listing the names of the various Defendants,

Plaintiff's complaint includes no factual allegations specific to the Defendants.   Plaintiff states

her claim in the following paragraph:

> Something always seemed off and not quite right with the way my children's
> grades and GPA were displayed on Powerschool and in 2022 the fraud surfaced
> of multiple staff members employed with L'Anse Creuse Middle School North,
> L'Anse Creuse High School North and L'Anse Creuse Public School System;
> illegally manipulated the Powerschool and Schoology systems and illegally
> Falsifying Public School Records which resulted in my children being overlooked
> for school awards, academic scholarships and grant opportunities that they
> otherwise would have been eligible for, the opportunity to be valedictorian,
> salutatorian as well as kept them ineligible to have their California, New York
> and Illinois entertainment permits renewed from 2022 until the present.

(Compl., ECF No. 1, at PageID.18).

Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis*

(ECF No. 2).  This Court denied that application and Plaintiff subsequently paid the required

filing fee.

Plaintiff also filed a "Motion To Proceed As Jane Doe" (ECF No. 3) on December 3,

2024.

Defense Counsel has appeared in this action on behalf of all Defendants associated with

L'Anse Creuse schools, which are all Defendants except for the following four named

Defendants: 1) Daniel Scharf, 2) Chandra Baldwin, 3) Suwan Park, and 4) John Cohen). The

Court shall refer to this group of Defendants as "the L'Anse Creuse Defendants."

On February 3, 2025, the L'Anse Creuse Defendants filed a "Motion For More Definite

Statement And To Prohibit Proceeding As 'Jane Doe.'" (ECF No. 10).  Plaintiff has not filed a

brief in response to that motion and the time permitted for doing so has passed.

## ANALYSIS

**I.      Plaintiff's Motion To Proceed As Jane Doe.**

The Complaint filed by Plaintiff in this action identifies her only as "Jane Doe."  Along

with the complaint, Plaintiff filed a one-paragraph "Motion to proceed as Jane Doe," that states,

in its entirety:

> I've prepared this motion to respectfully ask the court to keep the name, address,
> social security number and any other specific identifying information about the
> plaintiff/victims in this case from public record.  Parts of this case involves people
> who were minors at the time of the offenses and currently and who are still
> involved in this organization.  For fear of retaliation, I would like to please
> request that the identities remain under seal.[1]

(ECF No. 3).

Rather than file a brief in response to that motion, the L'Anse Creuse Defendants filed

their own motion asking that the Court not allow Plaintiff to proceed as Jane Doe in this case.

(ECF No. 10).  Plaintiff has not responded to that motion and the time permitted for doing so has

passed.

---

[1]This action was not filed under seal.

This Court shall DENY Plaintiff's Motion to proceed as Jane Doe" and GRANT the

L'Anse Creuse Defendants' cross-motion asking that the Court not allow Plaintiff to proceed as

Jane Doe, because Plaintiff has not provided the Court with a sufficient basis to allow her to

proceed under a fictitious name.

In considering Plaintiff's request to proceed under a fictitious name (ie, "Jane Doe"), this

Court begins with the "customary and constitutionally-embedded presumption of openness in

judicial proceedings*." Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Courts generally

recognize a presumption against the use of pseudonyms because there is "a First Amendment

interest in public proceedings, and identifying the parties to an action is an important part of

making it truly public." *Luckett v. Beaudet*, 21 F.Supp.2d 1029, 1029 (D.Minn.1998). Thus,

Rule 10(a) of the Federal Rules of Civil Procedure expressly provides that the title of a

complaint "must name all the parties."

A plaintiff may overcome this presumption against the use of pseudonyms in only limited

circumstances.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *see also Doe v. Massachusetts

Inst. of Tech*., 46 F.4th 61, 70 (1st Cir. 2022) ("Litigation by pseudonym should occur only in

'exceptional cases.'").

In determining whether a plaintiff's privacy interests substantially outweigh the

presumption of open judicial proceedings, the Court considers several factors, including: 1)

whether the plaintiffs seeking anonymity are suing to challenge governmental activity; 2)

whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost

intimacy"; 3) whether the litigation compels plaintiffs to disclose an intention to violate the law,

4

thereby risking criminal prosecution; and (4) whether the plaintiffs are children.  *Doe v. Porter*,

370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

"The party seeking pseudonymity bears the burden of rebutting the strong presumption

against it."  *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022).  Plaintiff has

not met that burden here.

Prosecution of the claims that Plaintiff asserts in this case will not require Plaintiff to

disclose information of the utmost intimacy.

The Court notes that Plaintiff's motion asserts that she wishes to keep certain

"identifying information about *the plaintiff/victims* in this case from public record," such as

social security numbers. (ECF No. 3) (emphasis added).  Notably, however, Plaintiff does not

need to proceed under a fictitious name in order to keep personal information such as social

security numbers out of the publicly-accessible docket in this case.  Indeed, the Federal Rules of

Civil Procedure preclude parties from filing documents that contain such personal information,

such as social security numbers, birthdates, and the names of minors, without appropriate

redactions.  *See* Fed. R. Civ. P. 5.2(a).

There is no indication that this litigation will compel Plaintiff to disclose an intention to

violate the law, so that factor also weighs against Plaintiff's request.

And there are no Plaintiffs in this case who are children so that final factor also weighs

against Plaintiff's request.

Notably, accordingly to the Complaint filed, the *pro se* individual who filed this action,

and currently identifies herself as "Jane Doe," *is the only plaintiff in this case*.  (*See* Compl.,

ECF No. 1, at PageID.1 and PageID.2).  Thus, Plaintiff is asserting only her own claims in this case.

Plaintiff's motion states this case "involves people who were minors at the time of the offenses and currently."  (ECF No. 3).   To the extent that Plaintiff may wish to assert claims on behalf of others in this case, regardless of whether such persons are adults or minors, Plaintiff cannot do so.  That is because Plaintiff is not an attorney.  While Plaintiff may proceed in this case *pro se* to litigate her own claims, she may not represent other individuals in federal court because she is not an attorney.  *See Shepherd v. Wellman,* 313 F.3d 963, 970-71 (6th Cir. 2002) (A party may not proceed *pro se* where the interests of others are at issue and, additionally, "parents cannot appear *pro se* on behalf of their minor children."); *Ross v. Peregrine Health Svs., Inc.*, 2020 WL 9440324 at *1 (6th Cir. 2020) ("A non-attorney cannot bring claims on behalf of others.").

Accordingly, the Court denies Plaintiff's request to proceed under the fictitious name of Jane Doe in this case and rules that Plaintiff may only proceed in this case under her own name. As such, Plaintiff must file an Amended Complaint that identifies Plaintiff's full name in the caption and body of the complaint and she must file that Amended Complaint no later than March 31, 2025.

Under Federal Rule of Civil Procedure 4(c)(2), "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age."  Fed. R. Civ. P. 4(c)(2).  At a plaintiff's request, the Court may direct that service be effected by a United States Marshal, a Deputy United States Marshal, or an officer specially appointed for that purpose.  *Id.*  If the plaintiff is proceeding *in forma pauperis*, service by the United States Marshal is mandatory. *Id.*

Because Plaintiff is proceeding *pro se* in this case, service shall be made by the United States Marshal.

To accomplish that, however, Plaintiff must provide the appropriate service documents to the Clerk's Office and the Court shall order her to do so.

## II.     Remaining Relief Sought In Defendants' Motion

Having denied Plaintiff's motion, the Court must consider the additional relief sought in the motion filed by the L'Anse Creuse Defendants.

### A.     Request For Dismissal Under Fed. R. Civ. P. 12(b)(6)

The title of Defendants' motion is "Motion For More Definite Statement And To Prohibit Proceeding As 'Jane Doe." The motion is not titled as, and was not docketed as, a Motion to Dismiss. Nevertheless, the body of the motion asserts that the Court should dismiss Plaintiff's case pursuant to Fed. R. Civ. P. (b)(6). (*See* ECF No. 10 at PageID.120). Because Defendants did not file a Motion to Dismiss, and in light of Plaintiff's *pro se* status, the Court will not consider that request at this juncture. If Defendants wish to seek dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), they must file a separate motion seeking that relief.

### B.     Request For More Definite Statement Under Fed. R. Civ. P. 12(e)

The motion filed by the L'Anse Creuse Defendants also asks the Court to order Plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e).

Well-pleaded complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Fed. R. Civ. P. 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response."  As other courts within the Sixth Circuit have explained:

> Despite having this tool at hand, "[c]ourts do not favor motions for more definite
> statements." *United States v. Paul*, 2008 WL 2074024 (E.D. Ky. May 13, 2008)
> (citing *Innovative Digital Equip., Inc. v. Quantum Tech., Inc*., 597 F.Supp. 983,
> 989 (N.D. Ohio 1984)). " '[A] motion for more definite statement is designed to
> strike at unintelligibility rather than simple want of detail.... [It] must be denied
> where the subject complaint is not so vague or ambiguous as to make it
> unreasonable to use pretrial devices to fill any possible gaps in detail." ' *Paul*,
> 2008 WL 2074024 (quoting *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D.
> Ohio August 18, 2005); quoting *Scarbrough v. R–Way Furniture Co.*, 105 F.R.D.
> 90, 91 (E.D. Wis.1985)).

*Taylor v. Holiday Inns Inc*., 2014 WL 496227 at *3 (E.D. Ky. 2014).

While Plaintiff's *pro se* Complaint is light on factual allegations, the Court concludes that

it is not so vague or ambiguous that Defendants cannot reasonably prepare a response.  Thus, to

the extent that Defendants' motion asks the Court to order Plaintiff to provide a more definite

response, that request is denied.

That said, the Court is already ordering Plaintiff to draft and file an Amended Complaint,

if she wishes to proceed with this litigation, in order to identify her full name as the Plaintiff in

this case.  In light of Plaintiff's *pro se* status, and in light of the likelihood that the L'Anse

Creuse Defendants will file a future motion seeking to dismiss this action under Fed. R. Civ. P.

12(b)(6), the Court will give Plaintiff the opportunity to amend the allegations in any Amended

Complaint that Plaintiff files, in order to attempt to cure any pleading deficiencies.

### CONCLUSION & ORDER

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion to Proceed As Jane Doe

is **DENIED** and the Court **ORDERS** that Plaintiff may only proceed in this case under her own

full name.  **No later than March 31, 2025**, Plaintiff shall file an Amended Complaint in this case that identifies Plaintiff's own full name in its caption and in the body of it.

**IT IS FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint identifying her own full name by March 31, 2025, the Court will dismiss this action without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motion for More Definite Statement is **DENIED.**  Nevertheless, the Court **ORDERS** that Plaintiff may amend the allegations in any Amended Complaint that Plaintiff files by March 31, 2025, in order to attempt to cure any pleading deficiencies.

**IT IS FURTHER ORDERED** that Defendants' request for the Court to dismiss this action under Fed. R. Civ. P. 12(b)(6) is **DENIED WITHOUT PREJUDICE.**  If they wish to do so, the L'Anse Creuse Defendants may file such a motion after Plaintiff files her Amended Complaint.

**IT IS FURTHER ORDERED that, no later than April 4, 2025,** Plaintiff shall complete and present to the Clerk's Office the following documents to effect service in this case: 1) One (1) copy of the Complaint for each Defendant; 2) Two (2) USM 285 forms for each Defendant; and 3) Three (3) summonses for each Defendant.

**IT IS FURTHER ORDERED** that the Clerk shall forward those materials to the U.S. Marshals Service, which is authorized to mail requests for waiver of service to all Defendants, in the manner set forth by Fed. R. Civ. P. 4(d)(2).  If waiver of service is unsuccessful, the U.S. Marshal is directed to serve a copy of the Complaint, summons and this Order upon each Defendant named in the Complaint without prepayment of the usual costs for such service.

**IT IS SO ORDERED.**[2]


Dated:  March 6, 2025                s/Sean F. Cox
                                      Sean F. Cox
                                      U. S. District Judge

I hereby certify that on March 6, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                      s/Emily Vradenburg
                                      Case Manager

---

[2]In addition, the Court shall terminate Plaintiff's motion filed as ECF No. 9 because it does not request any relief from the Court and because Plaintiff will be filing an Amended Complaint and can include Defendant contact information in that pleading.

10